# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br> KEVIN J. WRIGHT <br>       DEBTOR. <br> KEVIN J. WRIGHT <br>       DEBTOR/PLAINTIFF <br> <br> V. <br> BUCKS COUNTY, PENNSYLVANIA <br> BUCKS COUNTY TAX CLAIM BUREAU <br> BUCKS COUNTY SHERIFF DEPT. <br> ADR INVESTMENTS, LLC <br>       DEFENDANTS | Chapter 11 <br><br> 15-17104-amc <br><br><br> Adv. No. _____ |

**COMPLAINT FOR VIOLATION OF 11 U.S.C. §362(a)(1)-THE "AUTOMATIC STAY"**
**AND FOR TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C.§542**

## Jurisdiction

1. Jurisdiction is conferred upon this Court by 28 U.S.C.§§1334 and 157(a). This is a core proceeding under 28 U.S.C.§§157(b)(2)(A) and 157(b)(2)(O).

## Parties

2. Kevin J. Wright ("Debtor" and/or "Wright") is the owner of 14 Green Lane, Bristol, Pennsylvania 19007 (the "Property").

3. Defendant, Bucks County Pennsylvania (the "Bucks County"), is a 2nd Class A County and body politic pursuant to 16 P.S. §3202 in the Commonwealth of Pennsylvania, and which owns, operates, manages, directs, and controls the Bucks County Sheriff's Department and the Bucks County Tax Claim Bureau, all of which are also named as Defendants in this action. Bucks County maintains a principal place of business at 55 E. Court Street, Doylestown, Pennsylvania 18901

4. Defendant Bucks County Sheriff's Office (the "Sheriff") is a municipal department which is owned, controlled, managed, and directed by Bucks County with a principal place of business at 55 E. Court Street-1st Floor, Doylestown, Pennsylvania 18901.

5. Defendant Bucks County Tax Claim Bureau is a municipal department which is owned, controlled, managed, and directed by Bucks County with a principal place of business at 55 E. Court Street-5th Floor, Doylestown, Pennsylvania 18901.

6. ADR Investments, LLC ("ADR"), is a Pennsylvania limited liability company, operating as a real estate company doing business in the Commonwealth of Pennsylvania and maintains a business address located at 7998 New Falls Road, Levittown, PA 19055.

**Claims for Relief**
**Count I**
**[Violation of 11 U.S.C.§362(a)(1)]**
**Plaintiff v. Defendants**

7. Paragraphs 1 through 6 hereof are repeated and incorporated herein by reference.

8. On October 1, 2015, Debtor filed a Chapter 11 Petition in the United States Bankruptcy Court Eastern District of Pennsylvania at case No. 15-17104-amc (the "Chapter 11 Case").

9. After the commencement of the Chapter 11 Case, the Debtor became aware that the Property would be exposed to a Bucks County Upset Tax Sale on September 18, 2018 (the "Sale Date") and informed his lead bankruptcy counsel Michael Kaliner, Esq. (Debtor's Bankruptcy Counsel") of the sale.[1]

10. Debtor's Bankruptcy Counsel went to the Bucks County Courthouse on the Sale Date and met with John Torrente, Esquire, then Solicitor for the Bucks County Tax Claim Bureau, and advised him of the pending Bankruptcy. Mr. Torrente advised Debtor's Bankruptcy Counsel that the Property would be removed from the sale list.

---

[1] See Supporting Declaration from Michael Kaliner, Esquire at Exhibit "A."

11. After receiving notice of the bankruptcy filing, Bucks County Tax Claim Bureau did remove the Property from the sale list that was originally scheduled for that day.

12. However, despite being in a pending Chapter 11 bankruptcy, and after being notified of the automatic stay, the Bucks County Tax Claim Bureau nonetheless sold the Property on November 15, 2018.

13. ADR was the prevailing bidder on the Property, which Debtor then owned, at a Bucks County Upset Tax lien sale held November 15, 2018 (the "2015 Tax Sale").

14. Defendants never sought relief from the automatic stay.

15. It is believed and therefore averred, that Defendants knew of the Debtor's pending bankruptcy at the time the Property was exposed to the Upset Tax Sale.

16. Plaintiff believes and therefore avers that the conduct of the Defendants, without obtaining relief from the automatic stay under 11 U.S.C.§362(d) from this Honorable Court, violates the automatic stay of 11 U.S.C.§362(a).

17. Plaintiff is entitled to injunctive and declaratory relief under the Bankruptcy Court's inherent powers as well as 11 U.S.C. §105(a) to order that the Defendants set aside the Sheriff's Sale.

18. Plaintiff is also entitled to actual or compensatory damages by virtue of Defendants' violating the automatic stay of 11 U.S.C. §362(a)(1) and for reimbursement of attorney's fees and costs pursuant to 11 U.S.C.§362(k)(l) as actual or compensatory damages, plus punitive damages pursuant to 11 U.S.C.§362(k)(l) to punish Defendants for its wrongful and willful conduct and to dissuade others from perpetuating similar conduct.

## Count II
### [Turnover of Property Pursuant to of 11 U.S.C.§542)]
### Plaintiff v. Defendant

19. Paragraphs 1 through 18 hereof are repeated and incorporated herein by reference.

20. Defendant ADR is in unlawful possession of Plaintiff's Property/

21. The Property in the possession of the Defendant is property of the estate as defined by 11 U.S.C.§542(a) and (b).

22. Pursuant to 11 U.S.C. §1303, Debtor has, exclusive of the trustee, all rights and powers of the trustee under 11 U.S.C.§§363(b), (d), (e), (f) and (l).

23. The trustee has not acted to recover this property of the Debtor's bankruptcy estate.

24. Under 11 U.S.C.§1306, the Debtor is entitled to possession of the property of the estate.

25. Debtor has proposed a Chapter 11 plan which provides payment on account of an allowed claim, to all creditors-secured and unsecured alike.

26. Nonetheless, Defendant ADR has failed and/or refused to turn over the property to the Debtor as required by 11 U.S.C.§542(a) and (b).

27. Defendant, by failing or refusing to turn over the property of the estate is acting to exercise control over the property of the estate in violation of 11 U.S.C.§362(a)(3).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

a. Order Defendant to turn over the Property to Debtor forthwith;

b. Find Defendants in contempt of Court for violating 11 U.S.C.§362 and 542;

c. Award Plaintiff, pursuant to 11 U.S.C.§§105(a) and 362(k) damages, reasonable attorney's fees, costs, and punitive damages resulting from its contempt; and

d. Order such other relief as is necessary and proper.

Respectfully submitted,

**THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQUIRE**

*By:* */s/ Michael A. Siddons*
      MICHAEL ALAN SIDDONS, ESQUIRE
      230 N. Monroe Street-P.O. Box 403
      Media, PA 19063
      610-255-7500-Office
      610-514-5904-facsimile
      msiddons@siddonslaw.com

Dated: March 18, 2022    ***Attorney for Plaintiff/Debtor, Kevin Wright***